UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE MASON,<br>    Plaintiff,<br>    v.<br>JOHN DOE,<br>    Defendant. | Case No. 24-cv-04770-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 32 and 34 |

## INTRODUCTION

In his amended 42 U.S.C. § 1983 complaint, plaintiff Richard Lee Mason alleges that his Eighth Amendment rights were violated when he slipped and fell while cleaning a puddle of urine. I dismissed his initial complaint for failure to state a claim, and now his first amended complaint is before me for review pursuant to 28 U.S.C. § 1915A(a).

Mason's allegations again fail to state any claim for relief. The puddle was created by persons unknown; any attempt to establish liability on the part of supervisory employees is speculative at best. Furthermore, the short delay between the fall and his being taken for medical care does not state a claim for relief. Accordingly, this federal civil rights action is DISMISSED WITH PREJUDICE.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1   upon which relief may be granted or seek monetary relief from a defendant who is immune
2   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
3   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4         A "complaint must contain sufficient factual matter, accepted as true, to 'state a
5   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
6   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
7   plausibility when the plaintiff pleads factual content that allows the court to draw the
8   reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
9   *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
10  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
11  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
12  (9th Cir. 1994).

13        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
14  elements:  (1) that a right secured by the Constitution or laws of the United States was
15  violated, and (2) that the alleged violation was committed by a person acting under the
16  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.   Legal Claims**

18        In his first amended complaint, Mason alleges that on May 21, 2024 he slipped and
19  fell while cleaning up a puddle of urine in the yard at San Quentin State Prison.  (Second
20  Am. Compl., Dkt. No. 27 at 3.)  He alleges that he lay on the ground "for several minutes"
21  until a correctional officer took him in a wheelchair to receive medical treatment.  (*Id.* at
22  3.)  He alleges that during 2023 unnamed correctional officers repeatedly left bottles filled
23  with urine in the yard, which often spilled.  (*Id.* at 2-3.)  Mason had reported this to
24  unnamed officers but no action had been taken.  (*Id.*)

25        This federal civil rights action will be dismissed with prejudice because the
26  allegations fail to state a claim for relief.  Mason does not know and cannot know who left
27  the urine bottles out; any attempt to establish liability from that unknown person to any
28  supervisor is speculative at best.  Furthermore, the "several minutes" of delay before he

was taken for medical treatment, while unfortunate, does not state a claim for deliberate indifference under the Eighth Amendment. Temporary or short deprivations are not sufficient to state an Eighth Amendment claim. *See Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state Eighth Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989). *See also Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate Eighth Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

## CONCLUSION

This federal civil rights action is DISMISSED WITH PREJUDICE. Mason's motions for counsel are consequently DENIED. (Dkt. Nos. 32 and 34.) The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** December 4, 2025

_____
WILLIAM H. ORRICK
United States District Judge

3